UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGORY P. TURNER,
    Plaintiff,

v.                                      CIVIL ACTION NO. 12-11407-GAO

HUBBARD SYSTEMS, INC., formerly
known as and also doing business as
JIM HUBBARD AND ASSOCIATES,
INC.,
    Defendant.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING MOTION TO AMEND COMPLAINT (#176).

KELLEY, U.S.M.J.

Pending before the Court is Plaintiff Gregory Turner's Second Motion for Reconsideration of this Court's Order Denying Motion to Amend Complaint. (#176.) For the reasons stated below, the Court RECOMMENDS that the motion be ALLOWED IN PART and otherwise, DENIED.[1]

---

[1] In view of the history of this case, and because Plaintiff's motion requires a decision as to whether he can bring additional claims, the Court deems it prudent to style this ruling as a Report and Recommendation to the District Judge. *See Ringbolt Farms Homeowners Ass'n v. Town of Hull*, 714 F. Supp. 1246, 1248 n.2 (D. Mass. 1989).

I.      Background

On August 1, 2012, Plaintiff Gregory Turner, an attorney proceeding *pro se*, brought this lawsuit against Defendant Hubbard Systems, Inc., after an incident in which the legal software Turner used to operate his law firm was rendered inoperable, due to the allegedly purposeful act of Defendant, for a five-hour period. (Complaint, #1 at 4-5; Order, #109 at 1.) In his original complaint, Plaintiff argued that Defendant is liable for common law conversion, negligent infliction of emotional distress, and unfair and deceptive acts in violation of Massachusetts law. (#1 at 4-8.) He further claimed that, as a result of its actions, Defendant is liable to him for several hundred thousand dollars for conversion, $150,000 for emotional distress, double or treble damages for unfair and deceptive acts in violation of Massachusetts statutory law, interest, costs, and attorney's fees.[2] (*Id.* at 8-9.)

On November 15, 2014, Turner filed a motion to amend his complaint. (First Motion to Amend Complaint, #94.) He asked to attach copies of the Collection Partner Agreement and the Partner to Partner Agreement that Hubbard had recently produced (Memorandum in Support of Motion, #96 at 1-3); requested leave to make additional allegations in support of his claims; sought to bring a claim for breach of the covenant of good faith and fair dealing based on the alleged "depriv[ation] ... of the fruits of the contract with Hubbard that Turner should have a permanent software system license" (*id.* at 19); and finally, asked "to plead special damages in addition to the value of the property taken." (*Id.* at 3.) On December 18,

---

[2] At an earlier hearing, Plaintiff admitted that he cannot identify any monetary loss that he suffered as a result of the shut-off of his software.

2014, in a written order, the Court granted the motion in part, allowing Turner to supplement his complaint to add a copy of the Collection Partner Agreement. (#109 at 4.) The Court otherwise denied the motion, finding that Turner had failed to show why the Partner to Partner Agreement should be attached to the complaint, and that his "undue delay and lack of due diligence warrant[ed] the denial of his motion to amend his complaint to add new claims and allegations of fact." (*Id.*)

On December 29, 2013, Plaintiff filed a motion for reconsideration of the order (#114), arguing that Defendant was also responsible for the discovery delays, and would not be prejudiced by the amendment. (#115, #116, #130.) The Court denied that motion on March 5, 2015, finding that both parties had ample time to conduct discovery, that Plaintiff had not justified his delay, and that he had not acted with due diligence. (Order, #168.)

On March 9, 2015, Plaintiff filed his second motion for reconsideration, arguing that there was no undue delay, and that Defendant would not be prejudiced by the amendment. (Memorandum in Support of Motion, #177 at 1-3.) Defendant argued that Plaintiff continued to fail to "demonstrate a valid reason for his delay in seeking the amendment," and that it would be prejudiced by having to defend against the proposed complaint. (Memorandum in Opposition, #194 at 2-3.) In reply, Plaintiff claimed that he sought only to remedy technical deficiencies in the complaint or to raise issues that should be of no surprise to Defendant, and that he had been diligent in prosecuting this case. (Reply, #216 at 2-12.) He also argued that the law is unsettled on the matter of appropriate damages in these types of cases, and that he acted as quickly as possible as he became more familiar with the law. (*Id.* at 12-14.)

II.     Discussion

Under the Federal Rules of Civil Procedure, leave to amend a complaint should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is well established, however, that leave may be denied if it would reward undue delay or a lack of due diligence. *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). Leave may also be denied if allowing the amendment would unduly prejudice the defendant. *See id.*; *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51-53 (1st Cir. 1998). Further, "[o]nce a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b) . If the motion to amend is filed after the defendants have sought a ruling on summary judgment, a plaintiff is required to show 'substantial and convincing evidence' to justify a belated attempt to amend a pleading." *Town of Lexington v. Pharmacia Corp.*, 2015 WL 1321448, at *1 (D. Mass. Mar. 24, 2015) (internal citation and quotation marks omitted).

In this instance, by the time Turner sought leave to amend his complaint, this case had been on the Court's docket for more than two years. Plaintiff filed this lawsuit on August 1, 2012. Following an unsuccessful attempt to mediate the case in October 2013, then-Magistrate Judge Leo Sorokin set a new schedule for the case, including a discovery deadline of March 31, 2014. (##43, 44.) Following two joint motions to extend the deadlines, another scheduling order was put in place, setting August 29, 2014, as the non-expert discovery deadline; October 17, 2014, for Defendant to file a summary judgment motion; and November 17, 2014, for Plaintiff to file a summary judgment motion or to respond to

4

Defendant's motion. (##46, 55.) On October 17, 2014, Defendant timely filed a motion for summary judgment. (#63.) On October 27, 2014, Plaintiff moved for a further extension of deadlines, citing, in part, hearing problems he had suffered in the summer, the death of a family member in September, and a perceived lack of cooperation on Defendant's part as reasons that he needed additional time for discovery. (##77, 78.) The Court granted this motion in part, allowing Plaintiff time to take specific depositions, and extending the time for him to respond to the summary judgment motion. (#108.)

Plaintiff moved to amend his complaint nearly one month after Defendant filed its summary judgment motion. In support of his motion, Plaintiff cited email received by him in 2011, the deposition taken of Benjamin Dean Ivey in August 2014, and documents apparently produced by Defendant in September 2014. (*See, e.g*., #95 at 5-7; #96 at 2.) He did not, however, offer a reasonable explanation for his failure to seek leave to amend at an earlier date, or justify waiting to file his motion until a month after Defendant filed its summary judgment motion. Nor did he explain why he had not sought written discovery at an earlier time.[3] Plaintiff has also informed the Court that he only became aware of the possible need to plead special damages in "the first week of October," when he discovered a 1963 case from the Ninth Circuit while researching attorney's fees issues. (#176-1 at 3.) Plaintiff further contends that he completed the "first rough draft" of his proposed amended complaint on October 1, 2014, but was unable to file his motion for leave until November

---

[3] At a hearing on December 17, 2014, Plaintiff admitted that he did not timely make a request for documents. (Transcript of Hearing, #163 at 46-47.)

15, 2014, because of "motions and oppositions and replies" he filed after being "unexpectedly served with the defendant's motion for summary judgment" on October 17th. (*Id.* at 4-5.) None of these reasons justifies his delay in filing a motion for leave to amend until November 15, 2014. As a result, the Court is not persuaded to change its position that leave should be denied because of undue delay and lack of due diligence.

The proposed amended complaint is significantly more involved than the original complaint. It is substantially longer, as it contains 110 paragraphs of allegations, not including the prayer for damages, as opposed to the 39 paragraphs of the original complaint. It also contains an entirely new claim, for breach of the covenant of good faith and fair dealing. Further, the proposed amendment contains two claims for damages that were not set forth in the original complaint: (i) for "[t]he entire income stream of Turner's law practice as described herein including all monies to be collected by Turner and administered by Collection Partner"; and (ii) for "[t]he overcharges for maintenance charges made by Hubbard and paid by Turner."

Defendant has consistently claimed that it would be prejudiced if Plaintiff were allowed to amend because defending against the new claims would require additional discovery, including the need to depose Turner further. (*See, e.g.*, #163 at 13-20.) The Court also notes that Defendant timely filed a summary judgment motion before Plaintiff sought leave to amend; that discovery was closed nearly eight months ago, with exceptions that do not appear to be relevant here; and that the addition of new claims would add further expense

6

and delay to this already prolonged litigation. As a consequence, the Court finds that Defendant would be prejudiced if the substantive amendment is allowed.

Finally, it does not appear to the Court that Turner even needs to plead special damages. It is true that, under the Federal Rules of Civil Procedure, "[i]f an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). "Special damages" are "those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct, and typically stem from and depend upon the particular circumstances of the case." 5A Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc. § 1310 (3d ed. 2004). It is often unclear, however, when damages are "special damages." *Id*. at §§ 1310-11. As a result, the rule has been "liberalized," so that the focus is on notice, *i.e.*, whether the allegations "are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim." *Id*. at § 1311; *accord Suarez Matos v. Ashford Presbyterian Cmty. Hosp., Inc*., 4 F.3d 47, 51-52 (1st Cir. 1993); *Ramirez-Lluveras v. Pagan-Cruz*, 857 F. Supp. 2d 238, 243 (D. Puerto Rico 2012).

In this case, Defendant did not raise a challenge under Rule 9, and has not argued that the damages Plaintiff seeks in his original complaint should be denied because they were not "specially pleaded." In fact, at a hearing in December, 2014, Defendant's counsel stated that she was not so much concerned with "[t]he fact that he's trying to plead the special damages to try to conform to the rule," but rather with the two additional lines of damages he sought, plus the new substantive claim. (#163 at 22-23.) It appears, then, that Defendant does not assert that it has been deprived of adequate notice with regard to the damages Plaintiff

7

claimed in his original complaint. In addition, as Plaintiff has stated, there is minimal case law on the characterization of damages in conversion cases such as this one.

Under these circumstances, in the interests of clarity, Plaintiff should be allowed to amend his complaint to plead the special damages alleged in the original complaint in more specific detail. This amendment is limited to special damages only; no "new" facts, such as Hubbard's controller's testimony, should be added.

IV. <u>CONCLUSION</u>

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Second Motion for Reconsideration (#176) be ALLOWED to the extent that Plaintiff be permitted to amend his complaint to allege special damages more specifically, and otherwise, DENIED.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

|                     | /s / M. Page Kelley |
|---|---|
| April 23, 2015 | M. Page Kelley<br>United States Magistrate Judge |