UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGORY P. TURNER,
    Plaintiff,

v.                                      CIVIL ACTION NO. 12-11407-GAO

HUBBARD SYSTEMS, INC.,
    Defendant.

## ORDER ON MOTION TO STRIKE (#247)

KELLEY, U.S.M.J.

On August 17, 2015, Defendant filed a motion for summary judgment with a statement of facts. (##242, 243, 244, 245,296, 297; un-redacted copies, ##249, 250, 251, 252.) Plaintiff responded with two emergency motions to strike portions of Defendant's summary judgment motion and certain supporting documents. (##246, 247, 248.) Defendant opposed both motions to strike (#253), and Plaintiff replied, with leave of court. (#256.) On September 24, 2015, the undersigned held a hearing on Plaintiff's emergency motions, and determined that the first motion to strike (#246) would be considered as a motion to seal,[1] and that the second (#247) would be decided along with the parties' cross-motions on summary judgment. (#261.) For the reasons below, the second motion to strike (#247) is denied.

In this motion, Plaintiff seeks to strike "all references in the motion and supporting documents, regarding mitigation, mistake or that Turner owed Hubbard the money that it was attempting to collect from Turner." (#247 at 1.) Plaintiff states that Defendant's summary judgment motion goes "beyond the scope of the pleadings" because Defendant failed to plead

---

[1] This Court issued an order granting #246 on November 23, 2015 (#292) and a further order on December 9, 2015. (#295.)

1

mitigation or mistake as affirmative defenses, and that Defendant is improperly using summary judgment as a vehicle for seeking an adjudication on a contract claim.² (*Id.*) Defendant responds that a motion to strike is improper under Fed. R. Civ. P. 12(f), and that it is not seeking to raise either mitigation or mistake as defenses.

A. Waiver of defenses

Plaintiff argues that "mitigation" and "mistake" are affirmative defenses that Defendant seeks to raise on summary judgment, yet has waived by failing to raise in its answer. Defendant's argument is actually that Plaintiff lacks evidence sufficient to raise a genuine issue of material fact on two essential elements of his claims, and Defendant is entitled to argue that Plaintiff cannot meet that burden. Indeed, in their memoranda both parties cited *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense"). This is precisely the defense at hand. It has not been waived, and Defendant has every right to include it in a summary judgment motion.

In a conversion action, "[t]he [rightful] owner is not bound to accept a return of his property, but if he retakes it he may recover as damages the difference between the value of the property when converted and when returned, plus damages for loss of use during the period of wrongful detention." *George v. Coolidge Bank & Trust Co.*, 360 Mass. 635, 641 (1971) (citing *Clement & Hawkes Mfg. Co. v. Meserole*, 107 Mass. 362, 364 (1871); *Jackson v. Innes*, 231 Mass. 558, 560 (1919); *Lawyers Mortgage Inv. Corp. of Boston v. Paramount Laundries, Inc.*, 287 Mass. 357, 361 (1934); and *Food Specialties, Inc. v. John C. Dowd, Inc.*, 339 Mass. 735, 748 (1959)). This type of "mitigation" is not a waivable defense; it is the measure of damages

---

² Plaintiff also included arguments pertaining to prior orders of this Court which have already been thoroughly litigated. (#248 at 5-6, 10-11.) The Court declines to address those topics again.

for conversion under Massachusetts law. *See Jackson*, 231 Mass. at 560 (a plaintiff's acceptance of converted property limits the damages that may be recovered). Here, Plaintiff has argued rightly that "mitigation is not an element of conversion which the plaintiff must prove." (#248 at 3.) However, damages *are* such an element, and Plaintiff carries the burden of establishing sufficient facts to raise a genuine issue that he incurred either a permanent loss of his property or another type of monetary loss. He cannot foist his damages claims on Defendant to disprove or pay up. *See In re Computer Eng'g Associates, Inc.*, 278 B.R. 665, 682 (D. Mass. 2002), *aff'd*, 337 F.3d 38 (1st Cir. 2003) (damages are "essential element of a claim for conversion"). *See also Henry v. Nat'l Geographic Soc'y*, 147 F. Supp. 2d 16, 21 (D. Mass. 2001), *and Stone & Webster Eng'g Corp. v. First Nat. Bank & Trust Co. of Greenfield*, 345 Mass. 1, 11 (1962).

Plaintiff cites several cases in support of his contention that mitigation is an affirmative defense. In doing so, he fails to draw distinctions between various types of mitigation. *Nelson Anderson, Inc. v. McManus* is inapposite because it concerns a situation in which the tortfeasor sold the converted property and used the proceeds to pay a debt, benefiting the plaintiff—which is not the case here. 334 Mass. 394 (1956). He also cites authority for the proposition that a plaintiff's *failure* to mitigate damages is an affirmative defense. *Conjugal P'ship Comprised by Joseph Jones and Verneta G. Jones, d/b/a Stenotype Sys., v. Conjugal P'ship Comprised of Arthur Pineda and Toni Pineda,* 22 F.3d 391 (1st Cir. 1994). Here, however, neither party has argued that Plaintiff failed to take any steps to mitigate his damages.

Plaintiff's arguments on "mistake" fare no better. Despite Plaintiff's arguments to the contrary,[3] it is axiomatic that conversion is an intentional tort. *See* 14C *Mass. Prac., Summary of Basic Law* § 17.19 (4th ed.) (citing Dobbs, *The Law of Torts* (West Group, 2000), § 62),

---

[3] #265 at 3-4.

Restatement (Second) of Torts § 222A (1965), *and see Spooner v. Manchester*, 133 Mass. 270, 273 (1882).  Intent is an element of conversion that Plaintiff must allege, not a presumption that Defendant must disprove.  Finally, Defendant has specifically denied asserting the defenses of either mitigation of damages or mistake. (#253-1 at 1.)  Because Defendant is entitled to argue absence of evidence, these portions of its documents will not be stricken.

    B.  <u>Money owed</u>

Plaintiff seems to believe that Hubbard is seeking a judgment that it was properly owed a sum of money under the parties' contract. (#248 at 1.)  That question is not before this Court.  Neither party has raised contractual claims in this proceeding, nor is Hubbard seeking to recover any money in this action. (##1, 6.)  For purposes of determining the cross-motions for summary judgment, Plaintiff's denial that he owed Defendant money will be noted and considered as part of his statement of facts, pursuant to Fed. R. Civ. P. 56.  These parts of Defendant's documents will not be stricken.

    C.  <u>Propriety of motion to strike</u>

Both parties point out that motions to strike under Fed. R. Civ. P. 12(f) apply only to pleadings.  *See Brown v. F.B.I.*, 793 F. Supp. 2d 368, 382 (D.D.C. 2011) (citing *Great Socialist People's Libyan Arab Jamahiriya v. Ahmad Miski*, 683 F.Supp.2d 1, 15 (D.D.C.2010)) (motions for summary judgment are not "pleadings" and cannot be subject to motions to strike).  Plaintiff correctly argues that parties may also move to strike certain other types of documents.  *See Facey v. Dickhaut*, 91 F. Supp. 3d 12, 19-20 (D. Mass. 2014) ("A motion to strike is the appropriate means of objecting to the use of affidavit evidence on a motion for summary judgment").  However, the scope of motions to strike is limited to challenging documents not in compliance with the Federal Rules of Civil Procedure.  "The moving party must specify the

objectionable portions of the affidavit and the specific grounds for objection.  Furthermore, a court will disregard only those portions of an affidavit that are inadmissible and consider the rest of it." *Id.* at 20 (citing *Casas Office Machs., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 682 (1st Cir.1994), and *Perez v. Volvo Car Corp.*, 247 F.3d 303, 315–16 (1st Cir.2001)).

Here, Plaintiff has not objected to the admissibility of any of Defendant's evidence or asserted that it violates Rule 56. Instead, Plaintiff seeks to strike parts of Defendant's motion and facts solely on legal grounds. Those arguments are not appropriate for a motion to strike; they should have been included in Plaintiff's opposition to the summary judgment motion itself.

For all the reasons above, Plaintiff's motion to strike (#247) is DENIED.

December 22, 2015.

/s / M. Page Kelley  
M. Page Kelley  
United States Magistrate Judge